UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD G. RADLINSKY,

                                      Plaintiff,

      -v.-                                                            3:05-CV-00562
                                                                            (NPM / GJD)

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

---

APPEARANCES                              OF COUNSEL:

Attorney for plaintiff:

**HINMAN, HOWARD, & KATTELL, LLP**    **EUGENE D. FAUGHNAN, ESQ**
700 Security Mutual Building
80 Exchange Street
PO Box 5250
Binghamton, NY 13902-5250

Attorneys for defendant:

**SOCIAL SECURITY ADMINISTRATION**    **SUZANNE M. HAYNES, ESQ.**
Office of Regional General Counsel,
Region II
26 Federal Plaza - Room 3904
New York, NY 10278


**OFFICE OF THE U. S. ATTORNEY**    **WILLIAM H. PEASE, ESQ.**
100 South Clinton Street
Syracuse, NY 13261-7198

Neal P. McCurn, Senior United States District Judge

## MEMORANDUM-DECISION and ORDER

Plaintiff Richard G. Radlinsky ("Radlinsky") brings this action pursuant to 42 U.S.C. § 405(g) requesting review of a final decision by the Commissioner of Social Security ("Commissioner"), who denied Radlinsky's request for disability benefits.  Currently pending before the court is Radlinsky's request that said decision by the Commissioner be reviewed, reversed and set aside and that the claim for disability benefits be allowed.

On February 27, 2007, Magistrate Judge Gustave J. DiBianco issued a Report-Recommendation (Doc. No. 10) (heretofore referred to as "recommended ruling") granting Radlinsky's motion in part and denying in part, and remanding the matter for further supplementation of the record by a vocational expert ("VE"). The Commissioner subsequently filed an objection to the recommended ruling, asserting that the court misunderstood the law on its finding that testimony from a vocational expert was necessary, and that § 204.00 of the Medical Vocational guidelines does not address mental non-exertional impairments.  Radlinsky opposes the Commissioner's objection, contending that the ALJ improperly utilized the medically vocational guidelines (also referred to as the "grids") in making a determination regarding Radlinsky's disability, that Radlinsky's case is a

prime example of a case wherein a VE should be utilized, and that the recommended ruling should be affirmed. For the reasons set forth below, the Commissioner's objection will be overruled, and the recommended ruling will be approved and adopted.

I.    **Factual and Administrative Background**

The court assumes familiarity with the facts and procedural history of this case based on the magistrate judge's comprehensive recommended ruling. The court will recite further undisputed facts only as necessary to clarify its findings. Magistrate Judge DiBianco concluded that a remand is necessary to supplement the record with the testimony of a VE. The Commissioner filed an objection to that portion of the recommended ruling.

II.   **Discussion**

A.    Standard of Review of a Social Security Determination

This court does not review a final decision of the Commissioner de novo, but instead "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (internal citation omitted). See also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004). Stated another way, the court will "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by

substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran, 362 F.3d at 31 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)). "An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Gravel v. Barnhart, 360 F.Supp.2d 442, 444-45 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).  When reviewing a determination by the Commissioner, a district court, in its discretion, "shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

An individual is considered disabled for purposes of his or her eligibility for Social Security Disability if he or she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

The Commissioner may deem an individual applicant for Social Security Disability to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Social Security Administration regulations set forth a five-step sequential evaluation process, by which the Commissioner is to determine whether an applicant for Social Security Disability is disabled pursuant to the aforementioned statutory definition. See 20 C.F.R. § 404.1520. The Second Circuit Court of Appeals summarizes this process as follows:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits [his] capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine,

5

> under the fourth step, whether the claimant possesses the residual functional capacity to perform [his] past relevant work. Finally, if the claimant is unable to perform [his] past relevant work, the Secretary determines whether the claimant is capable of performing any other work. If the claimant satisfies [his] burden of proving the requirements in the first four steps, the burden then shifts to the Secretary to prove in the fifth step that the claimant is capable of working.

Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)).

Radlinsky has satisfied his burden of proving the requirements of the first four steps. The remaining issue is whether the Commissioner has satisfied his burden of proof that Radlinsky is capable of working.

B.      Standard of Review of a Magistrate Judge's Recommended Ruling

In the case at bar, the Commissioner objects to the recommended ruling on the issue of remand for the purpose of Radlinsky's assessment by a vocational expert. "In the face of an objection to a Magistrate Judge's recommended ruling, the District Court makes a de novo determination of those portions of the recommended ruling to which objection is made.  This Court may adopt, reject, or modify, in whole and in part, the Magistrate Judge's recommended ruling. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)." Maxwell v. Barnhart, 472 F. Supp 2d. 213, 216 (D. Conn. 2007).

As a threshold matter, the court finds that the magistrate judge applied the correct legal standards in his recommended ruling, and that substantial evidence supports the magistrate judge's decision.  The court now considers the Commissioner's objection to the magistrate judge's finding that Radlinsky's medical record should be supplemented with, inter alia, the reasons that Radlinsky's work attempts were unsuccessful, his ability to regularly attend to a routine and maintain a schedule, and to the finding that testimony from a VE is necessary to consider Radlinsky's mental impairments and/or psychiatric condition before determining that he is capable of working in a national economy. The Commissioner argues, inter alia, that the ALJ was correct in finding that "[u]nskilled jobs at all levels of exertion constitute the potential occupational base for plaintiff to meet the mental demands of unskilled work." (Doc. No. 7 at 24).

As set forth above, "[o]nce a disability claimant proves that his severe impairment prevents him from performing his past work, the [Commissioner] then has the burden of proving that the claimant still retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." Bapp v. Bowen, 802 F.2d 601, 604 (2d Cir. 1986).  "In the ordinary case the [Commissioner] satisfies his burden by resorting to the applicable medical vocational guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P,

App.2 (1986)." Id.  When the claimant's non-exertional impairments significantly diminish his ability to work, the testimony of a VE should be introduced as to whether jobs a claimant can obtain and perform exist in the economy.  However, the court in Bapp held that "the mere existence of a non-exertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the guidelines." Id. at 603.  "Under Bapp, the applicability of the grids should be considered on a case-by-case basis ... [w]hen a claimant's non-exertional impairments significantly diminish his ability to work, the [Commissioner] must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain or perform  ...  Remand is particularly appropriate ... where [the Second Circuit] [is] unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision." Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) (internal citations and quotations omitted).

The magistrate judge found from the evidence that Radlinsky has severe mental impairments, and that the ALJ dismissed the conclusions by consultive psychologist Dr. Alan Dubro that, inter alia, Radlinsky "does not appear capable of regularly attending to a routine and maintaining a schedule," and that Radlinsky had "significant difficulty dealing with stress."  (Doc. No. 10 at 16).  Dr. Dubro's

7

conclusions are inconsistent with the ALJ's determination that unskilled jobs at all levels of exertion constitute Radlinsky's potential occupational base.

Judge DiBianco found that "[i]t may very well be that the plaintiff can perform other work in the national economy, but the ALJ's conclusion to this effect is not properly supported." Because of Radlinsky's unsuccessful work attempts, and problems with pace at the jobs he attempted to perform, the magistrate judge found that "testimony from a vocational expert is necessary to take into account plaintiff's psychiatric conditions," even though said conditions appear to be well controlled with medication. This court concurs that the Commissioner has not satisfied his burden of proof that Radlinsky is capable of working. The decision of the Commissioner is reversed, and the case remanded to the Commissioner for further proceedings consistent with the recommended ruling of the magistrate judge, including proceedings to be supplemented with the testimony of a vocational expert. Because the case is to be remanded on the necessity of utilizing a VE, the court need not consider whether the ALJ properly or improperly utilized the medical vocational guidelines regarding mental non-exertional impairments.

### III.    Conclusion

For the reasons set forth above, the recommended ruling (Doc. No. 10) is hereby APPROVED and ADOPTED.  Accordingly, the Commissioner's objection (Doc. No. 12) is overruled.  This case is REMANDED to the Commissioner, as set forth in the recommended ruling, for further proceedings consistent with the recommended ruling of the magistrate judge.

SO ORDERED.

July 17, 2007

_____
Neal P. McCurn
Senior  U.S. District Judge